| | |
|---|---|
| 1 | 4 |
| 2 | J. RUSSELL CUNNINGHAM, SBN 130578 |
| 3 | TALVINDER S. BAMBHRA, SBN 230907 |
|   | BENJAMIN C. TAGERT, SBN 330242 |
| 4 | DESMOND, NOLAN, LIVAICH & CUNNINGHAM |
|   | 1830 15th Street |
| 5 | Sacramento, California 95811 |
|   | Telephone: (916) 443-2051 |
| 6 | Facsimile: (916) 443-2651 |

Proposed Attorneys for Loris L. Bakken
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| In re: | Case No. 24-24588-B-7 |
|---|---|
|  | Chapter 7 |
| COLTON SCOTT PAULHUS, | |
|  | DNL-1 |
| Debtor. | |

### APPLICATION TO EMPLOY DESMOND, NOLAN, LIVAICH & CUNNINGHAM PURSUANT TO AN HOURLY FEE AGREEMENT

LORIS L. BAKKEN ("Trustee Bakken"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of COLTON SCOTT PAULHUS ("Debtor"), hereby applies for an order approving her employment of DESMOND, NOLAN, LIVAICH & CUNNINGHAM ("DNLC") as his general counsel pursuant to an hourly fee agreement, effective October 14, 2024. In support thereof, Trustee Bakken respectfully represents the following:

### JURISDICTION AND BACKGROUND

1. Jurisdiction for this application exists pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409(a). Trustee Bakkens' application to employ DNLC is made pursuant to 11 U.S.C. § 327.

1

2. On October 11, 2024, the Debtor commenced the above-captioned case by filing a voluntary Chapter 7 petition. The Trustee is the duly appointed Chapter 7 trustee.

**BASIS FOR RELIEF**

3. By this application, the Trustee requests that DNLC serve as her general counsel in this case, to among other things, assist the Trustee in the investigation, marshaling, and liquidation of the Debtor's assets.

4. The Trustee desires court approval to employ DNLC since attorneys at DNLC are experienced and well-qualified to handle complex bankruptcy matters. The terms of the employment consist of an hourly fee per lodestar for all services.

5. The current hourly rates of the DNLC attorneys who may work on the matter are:

| | |
|---|---|
| Gary A. Livaich | $600 |
| J. Russell Cunningham | $550 |
| Brian T. Manning | $475 |
| Kristen Ditlevsen Renfro | $425 |
| Talvinder S. Bambhra | $425 |
| Benjamin C. Tagert | $325 |
| James N. Silverthorn | $190 |

6. An hourly fee agreement is in the best interests of the estate for the services DNLC will provide.

7. J. Russell Cunningham has caused a conflicts check to be performed on behalf of DNLC. The names checked by DNLC staff include the names of the Debtor, the United States Trustee, and the names of all the persons or entities listed on the creditors' mailing matrix.

8. As disclosed in the supporting declaration of Mr. Cunningham, DNLC currently represents the Trustee in matters unrelated to the Debtor's case. DNLC also currently represents, and has in the past represented, other bankruptcy trustees in connection with their duties in matters unrelated to this case. The United States Trustee and persons employed by the Office of the United States Trustee have also been involved in those matters.

9. Additionally, DNLC has represented the trustee appointed in the related bankruptcy case of *In re Austin James Paulhus*, Case No. 24-24383-B-7, which was commenced on September 30, 2024, by filing of a voluntary Chapter 7 petition.

10. The Internal Revenue Service, U.S. Small Business Administration, California Department of Tax and Fee Administration, California Employment Development Department, and Franchise Tax Board are listed as creditors in this case. DNLC has in the past represented, and currently represents trustees, including Trustee Bakken in cases unrelated to this case in which these agencies have been involved.

11. Nationstar Mortgage/Mr. Cooper, GM Financial, and Ford Motor Credit are listed as creditors in this case. DNLC has in the past represented other trustees in cases unrelated to this case in which these creditors have been involved.

12. DNLC has in the past represented other bankruptcy trustees in cases unrelated to this case in which the following attorneys have been involved: Stephen Reynolds.

13. Prior to the filing of the petition in this case, DNLC consulted with two homeowners regarding potential claims against Anchored Tiny Homes, LLC, ("ATH") an entity owned and operated by the Debtor with his brother and father. The Debtor has scheduled an interest in ATH and several apparently related entities. DNLC was not retained by either homeowner in connection with those claims and obtained the owners' informed, written consent to be employed as counsel to the Trustee after being advised of the potential conflicts of interest between the bankruptcy estate and an individual owner that may be a creditor of the estate.

14. Except as set forth herein, DNLC and its members have no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

**BASIS FOR RELIEF**

11 U.S.C § 327 (a) provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Courts have long recognized that timely applications for employment of proposed professionals may be effective on the date the professional's work began. *In re Hunanyan*, 631 B.R. 904, 909–10 (Bankr. C.D. 2021) (citing *Atkins v. Wain*, 69 F.3d 970, 975 (9th Cir. 1995); *In re Jarvis*, 53 F.3d 416, 419 (1st

Cir.1995); *In re Singson*, 41 F.3d 316, 319 (7th Cir.1994); *In re Triangle Chems., Inc.*, 697 F.2d 1280, 1289 (5th Cir.1983)). This Court has established a presumption of timeliness by its local rules where an order approving employment is "presumed to relate back to the later of 30 days before the filing of the application or the order for relief." L.R. 2014-1 (b)(1). Here, DNLC promptly commenced work on October 14, 2024, after it was engaged by the Trustee and conflicts had been cleared. DNLC attorneys are experienced and well-qualified to handle complex bankruptcy matters, and the firm neither holds nor represents any interest adverse to the estate.

**WHEREFORE**, the Trustee requests that the Court approve her employment of DNLC as her counsel to perform the professional services required by her, and further, that the fees and expenses incurred as a result be allowed as an administrative expense, payable from funds of the estate upon application pursuant to 11 U.S.C. § 330.

Dated: October 24, 2024         **DESMOND, NOLAN, LIVAICH, & CUNNINGHAM**

By: /s/ J. RUSSELL CUNNINGHAM
**J. RUSSELL CUNNINGHAM**
Proposed Attorney for Loris L. Bakken
Chapter 7 Trustee

Approved as to Form:

**Loris L. Bakken**,
Chapter 7 Trustee