**2**

J. RUSSELL CUNNINGHAM, SBN 130578
TALVINDER S. BAMBHRA, SBN 230907
BENJAMIN C. TAGERT, SBN 330242
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Proposed Attorneys for Loris L. Bakken
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re:

COLTON SCOTT PAULHUS,

        Debtor.

Case No. 24-24588-B-7
Chapter 7

DNL-1

## ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY DESMOND, NOLAN, LIVAICH & CUNNINGHAM PURSUANT TO AN HOURLY FEE AGREEMENT

      The Court has reviewed the application of Chapter 7 trustee LORIS L. BAKKEN

("Trustee") to employ DESMOND, NOLAN, LIVAICH & CUNNINGHAM ("DNLC")

pursuant to an hourly fee agreement, and the Declaration of J. Russell Cunningham in support

of the application, each filed with the Court.  No opposition having been filed, and good cause

appearing therefor,  it appears  that the attorneys are eligible to be employed, effective as of the

date of this order, and

      **IT IS ORDERED** that the Trustee is authorized to retain DNLC as her general counsel

subject to the following reasonable terms and conditions pursuant to 11 U.S.C. § 328 (a):

1

1          1.        No compensation is permitted except upon court order following an application

2    pursuant to 11 U.S.C. § 330 (a).

3          2.        Compensation will be at the lodestar rate applicable at the time that services are

4    rendered in accordance with the Ninth Circuit decision in *In re Manoa Finance Company*, 853

5    F.2d 687 (9th Cir. 1988). Guidance on evidence appropriate to support applications for

6    compensation appears in *In re Gianulias*, 98 B.R. 27 (Bankr. E.D. Cal. 1989), aff'd, ill B.R. 867

7    (E.D. Cal. 1989).

8          3.        No hourly rate referred to in the application papers is approved unless

9    unambiguously so stated in this order or in a subsequent order of this Court.

10         4.        All funds received by counsel in connection with this case, regardless of whether

11   they are denominated a retainer or are said to be non-refundable, are deemed to be an advance

12   payment of fees and to be property of the estate (or the debtor if exempt).

13         5.        Funds that are deemed to constitute an advance payment of fees shall be

14   maintained in a trust account in an authorized depository, which account may be either a

15   separate interest-bearing account or an attorney's trust account containing commingled trust

16   funds.  Withdrawals are permitted only after approval of an application for compensation and

17   after the court issues an order authorizing disbursement of a specified amount.

18         6.        Although *nunc pro tunc* approval of employment is no longer permissible,

19   compensation for pre-employment services may still be allowed upon a showing of exceptional

20   circumstances. *In re Miller*, 620 B.R. 637 (Bankr. E.D. Cal. 2020). Any application or motion

21   for compensation must therefore distinguish between any services provided before the effective

22   date of employment (and include the requisite showing supported by evidence) and services

23   provided after the effective date of employment. The effective date of employment is the date of

24   this order.

25   **Dated:** November 06, 2024

26

27

28
Christopher D. Jaime, Judge
United States Bankruptcy Court

2