3

J. RUSSELL CUNNINGHAM, SBN 130578
TALVINDER S. BAMBHRA, SBN 230907
BENJAMIN C. TAGERT, SBN 330242
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Loris L. Bakken
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>COLTON SCOTT PAULHUS,<br><br>Debtor. | Case No. 24-24588-B-7<br>Chapter 7<br><br>DNL-3 |

### TRUSTEE'S APPLICATION TO EMPLOY REED BLOCK REALTY AS BROKER

Loris L. Bakken ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of COLTON SCOTT PAULHUS ("Debtor"), hereby applies for an order approving her employment of REED BLOCK REALTY ("Broker") as the bankruptcy estate's real estate broker to investigate and market the real property located at 730 Wilson Blvd., El Dorado Hills, CA 95762 ("Subject Property"). In support thereof, the Trustee respectfully represents the following:

### JURISDICTION AND BACKGROUND

1. Jurisdiction for this application exists pursuant to 11 U.S.C. § 1334 and 28 U.S.C. § 157 (b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409 (a). The Trustee's application to employ the Broker is made pursuant to 11 U.S.C. § 327.

2. On October 11, 2024, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. The Trustee is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy estate.

3. Among the assets of the estate is the Subject Property, in which the Debtor holds title with his brother, AUSTIN JAMES PAULHUS ("Austin"), who filed his own bankruptcy case, *In re Austin James Paulhus*, Case No. 24-24383-B-7, on September 30, 2024. It appear the Debtor has a 2/3 interest in the Subject Property; the remaining 1/3 held by his brother.

4. The Trustee, and the Chapter 7 trustee for the bankruptcy estate of Austin have agreed to employ the Broker to market and sell the Subject Property on behalf of both estates. To that end, the trustees have agreed to seek approval for Broker's employment in each of their respective cases.

5. The trustee appointed to the Austin bankruptcy case, Nicole B. Farris, will be filing a separate motion to employ the Broker in that case.

6. The trustees and the Broker have entered into a listing agreement for the Subject Property.

**RELIEF SOUGHT AND BASIS FOR RELIEF**

7. By this application, the Trustee requests that the Broker serve as her real estate broker to consult on and assist in investigating, and marketing the Subject Property.

8. The Broker has agreed to investigate the Subject Property, advertise the Subject Property, show the Subject Property to interested parties, represent the estate as seller in connection with the sale of the Subject Property, and advise the trustees with respect to obtaining the highest and best offers available in the present market for the Subject Property. The Broker will perform these services in return for a commission, payable upon close of escrow, subject to approval of the Court when the Trustee moves to approve such a sale.

9. The Trustee has sought the Broker to investigate and market the Subject Property because the Broker has extensive experience in marketing and selling real estate such as the Subject Property. The commission fee charged by the Broker is a normal and reasonable residential commission fee as compared to those charged in similar matters. The Trustee is not

2

seeking approval of the terms of compensation. Such approval will be sought by a subsequent application in conjunction with a proposed sale.

10. The Broker understands that any sale of the Subject Property is subject to Bankruptcy Court approval and the Broker's employment and compensation in this matter are also subject to Bankruptcy Court approval.

11. Reed Block, on behalf of the Broker, has caused a conflicts check to be performed to determine if any conflicts of interest exist in this case between the Broker and interested parties and determined none exist. The names checked include the names of the Debtor, United States Trustee, and the names of all the persons or entities listed on the creditors' mailing matrix.

12. Except as set forth above, no members of the Broker, or the Broker itself, have connections with the Debtor, creditors, or any party-in-interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee.

**WHEREFORE**, The Trustee respectfully requests that the Court approve the employment of the Broker to perform the professional services required by the Trustee, and further, that the fees incurred as a result of the Broker's employment be allowed as an administrative expense, payable from available funds of the estate upon further application pursuant to 11 U.S.C. § 330.

Dated: December 11, 2025    **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: /s/ BENJAMIN C. TAGERT
**BENJAMIN C. TAGERT**
Attorneys for Loris L. Bakken
Chapter 7 Trustee

Approved as to Form:

Loris L. Bakken,
Chapter 7 Trustee

3